# EXHIBIT A



Superior Court of the District of Columbia
**CIVIL DIVISION – Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

DEC 18 2023
Superior Court of the District of Columbia

Case No. __2023-CAB-007625__

# COMPLAINT
Jurisdiction of this Court is founded on D.C. Code § 11-921.

**Riyan Williams**
PLAINTIFF

3901 17th St NE
Address (No Post Office Boxes)

Washington    DC    20018
City          State Zip Code

443-534-2168
Telephone Number

riyan.williams6@gmail.com
Email Address (optional)

vs

**Experian Consumer Services**
DEFENDANT

475 Anton Blvd.
Address (No Post Office Boxes)

Costa Mesa  CA    92626
City        State Zip Code

1-714-830-7000
Telephone Number

Email Address (optional)

1. Write a short and plain statement of your claim, including any relevant facts, dates, and locations:

    1. This action concerns a dispute arising from inaccurate information furnished on a credit report by Defendant concerning Plaintiffs credit history.

    2. Plaintiff alleges that the Defendant, Experian, failed to conduct a reasonable investigation and re-investigation in response to plaintiff's dispute letters in violation of the Consumer Credit Protection Act.

    3. Plaintiff also alleges that Defendant knowingly and willfully furnished information it knew or had reason to believe was in accurate without providing Plaintiff, the consumer, the adequate disclosures required under the Consumer Credit Protection Act in violation of the Fair Credit Reporting Act.

2. What relief are you requesting from the Court? Include any request for money damages.

    The Plaintiff respectfully requests that this Honorable Court:

    a. Adjudicate this matter in favor of the Plaintiff based on violations Consumer Credit Protection Act and Fair Credit Reporting Act Violations.

    b. Update reported credit information, remove negative remarks and disputed information.

    c. Award the Plaintiff damages in the amount of $12,000.

    d. Provide Plaintiff with an updated report and credit score.

    e. Grant any further relief deemed just and equitable under the circumstances.

3. State any other information, of which the Court should be aware:

   Full complaint and Affidavit are attached to this sheet

   _____
   _____
   _____
   _____
   _____
   _____
   _____

## SIGNATURE

To the best of my knowledge, everything in this Complaint is true and I am not filing this Complaint to harass the Defendant(s). Superior Court Civil Rules 11(b).

_____
**SIGNATURE**

_12/18/2023_____
**DATE**

Subscribed and sworn to before me this ___18th___ day of __December__ 20_23_.

_____
(Notary Public/Deputy Clerk)

2

District of Columbia Superior Court
Small Claims and Conciliation Branch

RIYAN WILLIAMS,

    Plaintiff,

v.

EXPERIAN CONSUMER SERVICES,

    Defendant.

CASE NO: 2023-CAB-007625

## Complaint and Request for Relief

I, Riyan Williams, the Plaintiff in this matter, am filing this Complaint against Experian Consumer Services (Experian), hereinafter referred to as the Defendant. I am pursuing this action pro se, without legal representation.

Plaintiff asks the Court to take judicial notice of the fact that he is without counsel, is not schooled in the law and legal procedures, and is not licensed to practice law. Therefore, his pleadings must be read and construed liberally. See Haines v. Kerner, 404 US at 520 (1980); Birl v. Estelle, 660 F.2d 592 (1981). Further Plaintiff believes that this court has a responsibility and legal duty to protect any and all of Plaintiffs' constitutional and statutory rights. See United States v. Lee, 106 US 196,220 [1882]

### Nature of the Case:

1. This action concerns a dispute arising from inaccurate information furnished on a credit report by Defendant, in relation to Plaintiffs credit history.

2. Plaintiff alleges that the Defendant failed to conduct a reasonable investigation and re-investigation in response to plaintiff's dispute letters to assure the maximum possible accuracy of the information contained in his consumer report, in violation of the Consumer Credit Protection Act.

3. Plaintiff also alleges that Defendant knowingly and willfully furnished information it knew or had reason to believe was inaccurate without providing Plaintiff, the consumer, the adequate disclosures requested and required under the Consumer Credit Protection Act in violation of the Fair Credit Reporting Act.

## Jurisdiction of Court:

4. An action to enforce any liability created under the Consumer Credit Protection Act may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs. [15 U.S.C. § 1681p]

## Factual Background:

5. The Consumer Credit Protection Act is a piece of legislation enacted in the United States. It is designed to protect consumers from unfair and deceptive business practices and to promote fair competition in the marketplace. The Act often outlines specific rights that consumers have when purchasing goods or services, including the right to accurate and clear product information, the right to refunds or returns under certain conditions, and the right to fair pricing. In 1970, the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") was enacted as a part of Consumer Credit Protection Act, "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. v. Burr, 551 U.S. 47, 52 (2007). Towards that end, the FCRA requires a company that reports consumer credit information, referred to as a consumer reporting agency ("CRA"), to "adopt reasonable procedures for meeting the needs of commerce" which are "fair and equitable to the consumer." 15 U.S.C. § 1681(b).

6. To comply with this Act, whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. § 607 - 15 U.S.C. § 1681e.

7. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file, before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

8. A notice from the agency shall include (i) the reasons for the determination; and (ii) identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information. If requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

9. Section 1681e(b) of the Fair Credit Reporting Act requires (1) "reasonable procedures" that (2) "assure" (3) "maximum possible accuracy." To "assure" means "to make sure or certain: put beyond all doubt." Webster's Third New International Dictionary 133 (1993). "Maximum" means the "greatest in quantity or highest degree attainable" and "possible" means something "falling within the bounds of what may be done, occur or be conceived . . ." Id. at 1396, 1771. It is difficult to imagine how "maximum possible accuracy" could be guaranteed without an adequate investigation and subsequent re-investigation, if requested. Likewise, Section 1681i(a)(1)(A) requires a "reinvestigation," necessarily implying that an "investigation" was required to have been performed in the first instance.

10. On or About March 6th, 2023, Plaintiff sent a dispute letter to Defendant via certified mail #9590942076612122118306.

11. In this letter, Plaintiff expressed the inaccurate nature of information furnished on his credit report by Navy Federal Credit Union and Moneylion Inc. Plaintiff expressed in this letter that he was disputing the dates, amount and current status of late payments on these accounts. Plaintiff informed Defendant that the Navy Federal account should not be showing any late payments and that the Moneylion Inc. account should not be reporting as written off. In his dispute, Plaintiff detailed the nature of both disputed accounts in detail.

12. On around May, 2023, Defendant responded to the dispute that, after their investigation, the information was verified as accurate and correct and that the investigation was now complete.

13. Upon receipt of the investigation results from Defendant, Plaintiff found that the information contained inside the report, was still inaccurate.

14. As part of the disclosures included with the report, Defendant stated, "You may request and obtain all the information about you in the files of a consumer reporting agency."

15. On or about May 15th, 2023, Plaintiff sent a re-investigation letter to Defendant requesting all the information about him contained in the files of Defendant and the description of the procedure used to determine the accuracy and completeness of the information in which they had verified as accurate and correct. This letter was sent via certified mail and signed for by an agent of Defendant on May, 22nd, 2023.

16. Included with this letter was a copy of Plaintiffs' ID, social security number and a utility bill to serve as proof of identity.

17. Plaintiff is unsure when Defendant responded to the letter received May 22nd, 2023, but when Plaintiff came into possession of their response, he realized that Defendant neither provided him with the totality of information contained in his file or the method in which they used to determine the completeness and accuracy of the amounts, payment history and status of the Navy Federal and Monelion Inc. accounts.

18. On about September, 2023, Plaintiff sent another dispute letter to Defendant to request for a second time, an re-investigation to the inaccurate information contained on Plaintiffs credit report in which he previously disputed. Plaintiff again requested all the information contained in his consumer file and the method which Defendant used to determine the accuracy and completeness of the information they verified as accurate and correct.

19. This letter was sent via certified mail #9590940268581104387683 and signed for by an agent of the Defendant on September 12th, 2023. Included with this letter was a copy of Plaintiffs' ID, social security number and a utility bill to serve as proof of identity.

20. Defendants response was sent via email and Plaintiff was able to see the updates via Experian's member portal. Plaintiff never received a mailing from Defendant containing the information he requested.

21. This report did not contain any of the information which Plaintiff requested, only that, "the item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details."

22. There were no actual updates to the information contained on the report furnished by Defendant.

23. On or around October 3rd, 2023, Plaintiff for the third time sent a re-investigation letter to Defendant via certified mail # 9590940268581104389908. In this letter, Plaintiff re-iterated his request for a description of the procedure used to determine the accuracy and completeness of the information and for all information contained in his file.

24. Again, Plaintiff included with this letter a copy of his ID, social security number and a utility bill to serve as proof of identity.

25. Defendant received this letter on October 11th, 2023 at which point it was signed by an agent of the Defendant.

26. On December 14th, 2023 at 3:56 pm, I contacted the Defendant via phone to the customer service number: 1-888-397-3742. Initially during the call, when Plaintiff was explaining to the customer service representative his issue, the representative informed Plaintiff that he would have to forward his call to another department as there had been a special note placed on my account and he, as a dispute agent, could not handle it.

27. When transferred to the special department, the agent listened to me explain my dispute and then hung up. This call lasted 3 minutes in total.

28. Plaintiff called the same customer service number again at 4:01 pm on December 14th, 2023 to attempt to resolve his dispute concerning the inaccurate information. After 10

minutes of conversation with the customer service representative, this representative hung up on me as well.

29. Plaintiff again attempted to call back the same number, but this time, the automated service would only give the option to order a credit report or place a security freeze on the account. When Plaintiff requested to speak to a representative, the automated system would only repeat the two options previously stated.

30. Over the last six months, Plaintiff has lost sleep worrying about this issue, which has been exhausting on top of working and raising a newborn. Plaintiff has lost his appetite, had upset stomach and has not been eating properly due to the stress. It affected Plaintiffs' relationship with his girlfriend, parents and more recently his new born son. Plaintiffs' stress and anger level has escalated since he has been planning to get a car and a home for to support his new family but only receives denial letters from creditors due to inaccurate information Defendant continues to furnish. The anger, frustration, sleepless nights and upset stomach has continued almost a year at this point. Plaintiffs' anger and frustration grow each and every day that Defendant refuses to do the right thing and furnish an accurate consumer report. The situation is embarrassing, humiliating and distressing. Plaintiff has not been able to successfully apply for a loan for a decent car or apartment for nearly a year. Plaintiff has prayed for relief, even seeking counseling with his church leaders and one on one therapy with professional psychologists. Plaintiff believes the stress that he is experiencing relates to the anxiety with dealing with Defendant and repeatedly receiving adverse actions from creditors due to inaccurate information the Defendant continues to furnish.

31. By failing to reasonably hold an investigation, re-investigation and provide the required disclosures under the Consumer Credit Protection Act and the Fair Credit Reporting Act, once requested, Defendant engaged in unfair and deceptive acts and practices.

32. It is Plaintiffs belief that Defendant never actually commenced an investigation once he sent his original dispute. Subsequently, when Defendant received the request to re-investigate, they failed to do so as well. Plaintiff believes this is why the Defendant has been unable to provide Plaintiff with disclosures containing a description of the procedure used to determine the accuracy and completeness of the information or a copy of all information contained in Plaintiffs file.

33. Because of Defendants willful negligence and non-compliance to the provisions of the Consumer Credit Protection Act and Fair Credit Reporting Act, Plaintiff has suffered numerous adverse actions from other creditors which has caused him immense emotionally distress. It is Plaintiffs belief that the court should grant him the punitive relief in the amount he is requesting for Defendants continuous harmful and deceptive practices. Plaintiff would not want any other consumer to go through what he has, and he believes that Congress enacted the Consumer Credit Protection Act to protect consumers against this exact form of deceptive practices by businesses.

**Request for Relief:**

62. The Plaintiff respectfully requests that this Honorable Court:

   a. Adjudicate this matter in favor of the Plaintiff based on violations Consumer Credit Protection Act and Fair Credit Reporting Act Violations.
   b. Update reported credit information, remove negative remarks and disputed information.
   c. Award the Plaintiff damages in the amount of $12,000.
   d. Provide Plaintiff with an updated report and credit score.
   e. Grant any further relief deemed just and equitable under the circumstances.

Verification

I, Riyan Williams, certify under penalty of perjury that the facts stated in this Complaint are true and correct to the best of my knowledge, information, and belief. I also certify that I am over the age of eighteen (18) years and fully competent and have first hand knowledge of the facts in question.

Name: _[signature]_            Date: 12/18/2023

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
P.O. Box 4500
Allen TX 75013

9590 9402 7212 1284 9871 86

2. Article Number (Transfer from service label)
7022 0410 0000 8633 3669

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
P.O. Box 9701
Allen, TX 75013

9590 9402 6858 1104 3899 08

2. Article Number (Transfer from service label)
0 2996 0000 0EEE 2202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

OCT 11 2023

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
P.O. Box 9701
Allen, TX 75013

9590 9402 6858 1104 3876 83

2. Article Number (Transfer from service label)
020 0090 0000 2729 7212

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

EXPERIAN
701 EXPERIAN PARKWAY
SEP 12 2023

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

*Proof of Mailing*

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Experian<br>P.O. Box 4500<br>Allen, Tx 75013 | EXPERIAN<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>MAR 0 6 2023<br><br>*[signature]* | |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7661 2122 1183 06 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>re Confirmation<br>ed Delivery |
| 7020 | | |
| PS For... | ...return Receipt | |

*Proof of Mailing*